City of Covington v. Margaret Glennon et al.

[Abstract Kentucky Law Reporter, Vol. 2—215.]

**Attorney's Argument.**

The Court of Appeals will not reverse a cause on the ground of an improper argument made in the trial of the cause by an attorney unless the argument amounts to a flagrant abuse of the privilege the attorney had in presenting his client's cause.

**Damages Against City.**

Where a city could have provided against the injury complained of by the exercise of proper care and skill in constructing a sewer, it is liable for the results of its negligence.

## APPEAL FROM KENTON CIRCUIT COURT.

### February 3, 1881.

OPINION BY JUDGE PRYOR:

The case of *Kemper v. Louisville*, 14 Bush (Ky.) 87, determines the principal question raised in this case. Instruction No. 1 should have been refused, as it was not sustained by the proof introduced by the city. It is clear that the city could have provided against the injury by the exercise of proper care and skill in constructing the sewer, and it was not therefore the result of inevitable casualty. The third instruction should have been refused, as the city authorities had no right, by either judicial or ministerial action, to destroy the property of the appellees. We see nothing in the case prejudicial to the appellant, and the argument made by counsel for the appellees, if improper, does not appear from the record in the case; nor would this court reverse upon such a ground unless it was a flagrant abuse of the privilege the attorney had of presenting his client's cause.

Judgment *affirmed*.

*M. L. Roberts, for appellant.*

*W. E. Arthur, for appellees.*